UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
PALLOTA FORD, Inc.,                           :       CASE NO. 1:08-cv-058
                                              :
               Plaintiff,                     :
                                              :
vs.                                           :       OPINION & ORDER
                                              :       [*re:* Jurisdiction].
EMPLOYER BENEFITS SERVICES                    :
OF OHIO,                                      :
                                              :
               Defendant.                     :
                                              :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In this opinion and order, the Court considers its subject matter jurisdiction over this case.

The Court finds it has jurisdiction over counts 3, 4, and 5.  The Court will exercise pendant

jurisdiction over the remaining claims.

       The Plaintiff's complaint alleges state-law claims.  Typically, the Court only considers the face

of the Plaintiff's complaint in determining federal question jurisdiction under the well-pleaded

complaint rule.  *Gully v. First National Bank*, 299 U.S. 109 (1936); *Louisville & N.R. Co. v. Mottley*,

211 U.S. 149 (1908).  The exception to this rule is for claims that are completely pre-empted by

federal statutes.

       ERISA preemption is broad in scope, but "the 'complete preemption' exception for removal

is narrow."  *See Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995).  The exception is

limited to claims that fall within ERISA's civil enforcement section, 18 U.S.C. 1132(a).  *Id.*; *see also*

Case No. 1:08-cv-058
Gwin, J.

*Michigan Affiliated Healthcare Sys. v. CC Sys. Corp.*, 139 F.3d 546, 550 (6th Cir. 1998). Both

Plaintiff and Defendants argue that this action can be characterized as an enforcement action under

1132(a)(2) and 1132(a)(3). For the Plaintiff to bring an action that falls within these sections, it must

be a participant, beneficiary, or fiduciary. *See id.* at 550. The Plaintiff is the named fiduciary of the

plan.

> The civil enforcement provisions of ERISA state in relevant part:
>
> (a) Persons empowered to bring a civil action. A civil action may be brought. . .
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief
> under section 409 [concerning a Plan fiduciary's breach of fiduciary duty];
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which
> violates any provision of this title or the terms of the plan, or (B) to obtain other
> appropriate equitable relief (i) to redress such violations or (ii) to enforce any
> provisions of this title or the terms of the plan;

29 U.S.C. 1132(a).

Count 3 and Count 4 both allege that the Defendant failed to perform its administrative duties

in failing to timely process claims and in failing to recommend that properly covered claims be paid.

The Plaintiff argues that the Defendant was a fiduciary within the meaning of ERISA. The Plaintiff

seeks both legal and equitable relief. These allegations fall within the scope of 1132(a)(2) and (3).

As such, the Court finds that it has jurisdiction over these claims.

Moreover, Count 5 of the complaint says that third-party defendant United holds the Plan's

funds in trust and that United has refused to pay any claims by its plan participants or return the plan's

funds. The Plaintiff seeks equitable relief. The Court finds that this also falls within the civil

enforcement provisions of ERISA.

For the foregoing reasons, the Court finds it has jurisdiction to decide counts 3, 4, and 5 of

Case No. 1:08-cv-058
Gwin, J.

the complaint and will exercise pendant jurisdiction over the remaining claims.

      IT IS SO ORDERED.


Dated: April 28, 2008                    s/        *James S. Gwin*
                                            JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE